# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Originally Filed: May 6, 2022
Refiled in Redacted Form:  June 9, 2022

| | |
|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* | |
| M.M., | UNPUBLISHED |
| Petitioner, | No. 18-583V |
| v. | Special Master Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Interim Attorneys' Fees and Costs. |
| Respondent. | |
| \* \* \* \* \* \* \* \* \* \* \* \* \* | |

<u>Carol L. Gallagher</u>, Carol L. Gallagher, Esquire LLC, Somers Point, NJ, for petitioner.
<u>Nina Ren</u>, United States Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On April 24, 2018, M.M. ("petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that as a result of an influenza ("flu") vaccine received on September 19, 2015, she suffers from an "exacerbation of asthma, and an unspecified neurological injury/complication consisting of chronic fatigue, chronic pain and muscle weakness, numbness/tingling in the outer extremities, and difficulty swallowing."  Petition at Preamble (ECF No. 1).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) ("Vaccine Act" or "the Act").  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On May 3, 2022, petitioner filed a motion for interim attorneys' fees and costs, requesting compensation for the attorney who worked on her case. Petitioner's Motion for Interim Fees and Costs ("Pet. Mot."), dated May 3, 2022 (ECF No. 92). Petitioner filed an amended motion on May 5, 2022, correcting counsel's hourly rate for 2018. Pet. Amended Mot. for Interim Fees and Costs ("Pet. Am. Mot."), filed May 5, 2022 (ECF No. 95). Petitioner's request can be summarized as follows:

**Attorneys' Fees** – $124,306.80
**Attorneys' Costs** – $38,558.26

Petitioner thus requests a total of $162,865.06. Respondent filed his response on May 5, 2022, stating that he "defers to the Special Master as to whether petitioner has made a special showing to justify an award of interim attorneys' fees and costs under the particular circumstance of this case." Respondent's Response to Pet. Am. Mot. ("Resp. Response"), dated May 5, 2022, at 3 n.3 (ECF No. 96).

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned **GRANTS** petitioners' motion and awards **$153,824.72** in attorneys' fees and costs.

## I.   DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears at this point to have been brought in good faith and built on a reasonable basis. Moreover, the undersigned finds that an award of interim attorneys' fees and costs is appropriate here where there are significant expert fees to be paid and where petitioner intends to proceed pro se.

### A.   Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the

court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011).  Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended.  Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  Saxton, 3 F.3d at 1521.

Here, petitioner requests the following hourly rates for the attorney who worked on this matter:

**Ms. Gallagher – Attorney**
    2016: $350.00
    2017: $363.00
    2019-2019: $400.00
    2020-2022: $424.00

The undersigned finds that the requested rates are reasonable and in accordance with what this attorney has previously been awarded for her Vaccine Program work.  See, e.g., Cetlin-Salter v. Sec'y of Health & Hum. Servs., No. 16-792V, 2019 WL 4880164, at *2 (Fed. Cl. Spec. Mstr. Sept. 16, 2019) (awarding $350.00 per hour for work performed in 2016, $363.00 per hour for work performed in 2017, and $400.00 per hour for work performed in 2018-2019); Fenster v. Sec'y of Health & Hum. Servs., No. 16-965V, 2020 WL 2499942, at *1 (Fed. Cl. Spec. Mstr. Apr. 16, 2020) (same); Polzin v. Sec'y of Health & Hum. Servs., No. 16-598V, 2020 WL 2499941, *1  (Fed. Cl. Spec. Mstr. Apr. 20, 2020) (awarding the same rates per hour for work performed in 2018 and 2019, and awarding $424.00 per hour for work performed in 2020); Noorani v. Sec'y of Health & Hum Servs., No. 16-970V, 2022 WL 780828, at *4 (Fed. Cl. Spec. Mstr. Jan. 20, 2022) (awarding the same rates per hour for work performed in 2017-2020, and

awarding $424.00 per hour for work performed in 2021). The undersigned will therefore award the rates requested.

The undersigned finds a percentage reduction necessary for time spent performing paralegal tasks, including drafting correspondence, responding to inquiries, and for an excessive amount of correspondence with petitioner. This issue is not new to Ms. Gallagher's billing records. See, e.g., Cetlin-Salter, 2019 WL 4880164, at *2; Rocha v. Sec'y of Health & Hum. Servs., No. 16-241V, 2019 WL 2406954, at *4 (Fed. Cl. Spec. Mstr. Apr. 30, 2019); De Souza v. Sec'y of Health & Hum. Servs., 141 Fed. Cl. 338 (2018). Based on the hours billed for these tasks, the undersigned finds that a 5% overall reduction to the award of attorney's fees is appropriate. This results in a reduction of $6,215.34. Petitioner is thus awarded attorneys' fees of $118,091.46.

### B.   Attorneys' Costs

#### 1.   Expert Fees

Petitioner requests $3,250.00 for work performed by Dr. Gary Gross, which was a total of 6.5 hours, billed at a rate of $500.00. Pet. Mot., Ex. C. The undersigned finds this overall amount reasonable and will award it in full.

Petitioner also requests $26,075.00 for work performed by Dr. Omid Akbari, which was a total of 56.50 hours, billed at an hourly rate of $550.00, less the $5,000 retainer fee already paid to Dr. Akbari. Pet. Mot., Ex. C.

Concerning Dr. Akbari's requested rate of $550.00, the undersigned finds it to be excessive. Dr. Akbari has previously been awarded $500.00 per hour for his vaccine program work. See Price v. Sec'y of Health & Hum. Servs., No. 18-1472V, 2020 WL 3866890, at *4 (Fed. Cl. Spec Mstr. June 15, 2020); Sheppard v. Sec'y of Health & Hum. Servs., No. 17-819V, 2020 WL 1027958, at *3 (Fed. Cl. Spec. Mstr. Feb. 20, 2020); Hernandez v. Sec'y of Health & Hum. Servs., No. 16-1508V, 2018 WL 4391060, at *2 (Fed. Cl. Spec. Mstr. Aug. 8, 2018); Shinskey v. Sec'y of Health & Hum. Servs., No. 15-713V, 2019 WL 2064558, at *5 (Fed. Cl. Spec. Mstr. May 9, 2019). The undersigned also recently determined that $500.00 per hour is a reasonable hourly rate for Dr. Akbari's work. Price, 2020 WL 3866890, at *4; Sheppard, 2020 WL 1027958, at *3. Thus, the undersigned finds $500.00 is a reasonable rate for Dr. Akbari's work in this case, resulting in a total reduction of $2,825.00.

#### 2.   Miscellaneous Costs

Petitioners request $9,233.26 to cover their attorney's other miscellaneous expenses, including retainer fees, transcripts, Fed Ex costs, the filing fee, and obtaining medical records. Pet. Am. Mot., Ex. B. The undersigned finds these costs reasonable and well-documented, and she will award them in full.

## II.   CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate petitioners and their counsel as follows:

| | |
|---|---:|
| Requested Attorneys' Fees: | $ 124,306.80 |
| Reduction of Attorneys' Fees: | - ($ 6,215.34) |
| Awarded Attorneys' Fees: | $ 118,091.46 |
| | |
| Requested Attorneys' Costs: | $ 38,558.26 |
| Reduction of Attorneys' Costs: | - ($ 2,825.00) |
| Awarded Attorneys' Costs: | $ 35,733.26 |
| | |
| **Total Interim Attorneys' Fees and Costs:** | **$ 153,824.72** |

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $153,824.72, representing reimbursement for reasonable interim attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel of record, Ms. Carol Gallagher.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[3]

**IT IS SO ORDERED.**

/s/ **Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.