# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: May 25, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | * | |
| M.M., | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 18-583V |
| v. | * | |
| | * | Special Master Dorsey |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Motion for Redaction. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * | * | |

Carol L. Gallagher, Carol L. Gallagher, Esquire LLC, Somers Point, NJ, for petitioner.
Nina Ren, United States Department of Justice, Washington, DC, for respondent.

**ORDER GRANTING PETITIONER'S MOTION FOR REDACTION**[1]

On May 18, 2022, petitioner filed a motion to redact the undersigned's May 6, 2022 Decision Awarding Interim Attorneys' Fees and Costs. Petitioner's Motion to Redact ("Pet. Mot."), filed May 18, 2022 (ECF No. 101). For the foregoing reasons, petitioner's motion is **GRANTED**.

**I.  RELEVANT PROCEDURAL HISTORY**

On April 24, 2018, M.M. ("petitioner") filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of an influenza ("flu") vaccine

---

[1] The undersigned intends to post this Order on the United States Court of Federal Claims' website. **This means the Order will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished order contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this Order are to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

received on September 19, 2015, she suffers from an "exacerbation of asthma, and an unspecified neurological injury/complication consisting of chronic fatigue, chronic pain and muscle weakness, numbness/tingling in the outer extremities, and difficulty swallowing." Petition at Preamble (ECF No. 1).

On May 6, 2022, the undersigned issued a Decision Awarding Interim Attorneys' Fees and Costs. Decision Awarding Interim Attorneys' Fees and Costs dated May 6, 2022 (ECF No. 97).

On May 18, 2022, petitioner filed a motion to redact her name to initials in the Decision Awarding Interim Attorneys' Fees and Costs. Pet. Mot. at 1. Petitioner requests her name be redacted and replaced with her initials "to protect her privacy in disclosing medical information." Id. Petitioner believes redaction of her name to initials "does not prevent public disclosure of pertinent information regarding the vaccine and alleged injury(ies). Rather, it prevents disclosure of the person who allegedly suffered such injuries."

Respondent filed a response to petitioner's motion on May 23, 2022. Respondent's Response to Pet. Mot. ("Resp. Response"), filed May 23, 2022 (ECF No. 102). Respondent argued "[p]etitioner's Motion is devoid of any explanation why disclosure of her name would result in a 'clearly unwarranted invasion of privacy.'" Id. at 1. Respondent stated he "defers to the Special Master's judgment as to whether petitioner's Motion should be granted." Id. at 5.

On May 24, 2022, petitioner filed a reply. Pet. Reply to Resp. Response, filed May 24, 2022 (ECF No. 103). Petitioner, citing supporting cases, argued "to deny the redaction in the instant case is disparate treatment and an unnecessary invasion of the petitioner's privacy. At the same time, this does not adversely affect the balance between petitioner's privacy interest and the public's interest because the pertinent parts of the decision will remain for public disclosure." Id. at 1.

This matter is now ripe for adjudication.

## II.     DISCUSSION

A motion for redaction is governed by section 12(d)(4)(B) of the Vaccine Act. See § 12(d)(4)(B). That section provides that information concerning "medical files and similar files" may be redacted if its disclosure "would constitute a clearly unwarranted invasion of privacy." Id. What constitutes a "clearly unwarranted invasion of privacy" requires balancing petitioner's "right of privacy against the public purpose of the Vaccine Act." W.C. v. Sec'y of Health & Hum. Servs., 100 Fed. Cl. 440, 460 (2011), aff'd, 704 F.3d 1352 (Fed. Cir. 2013). While a petitioner has an interest in keeping sensitive medical or other embarrassing information private, the public has an interest in disclosure, so as to increase public awareness of vaccines and the medical conditions they may or may not cause. Id. at 461. In other words, sensitive information is often the subject of the litigation, and "in cases where sensitive information is the subject of the dispute, that information is routinely disclosed in decisions, to enable the reader to follow and understand the decision maker's rationale." Castagna v. Sec'y of Health & Hum. Servs., No. 99-411V, 2011 WL 4348135, at *13 (Fed. Cl. Spec. Mstr. Aug. 25, 2011).

Although the Vaccine Rules make mandatory the redaction of a minor's name, adult petitioner's names, which are not similarly protected automatically, may also be redacted if the petitioner establishes proper grounds for redaction. See R.V. v. Sec'y of Health & Hum. Servs., No. 08-504V, 2016 WL 3776888, at *2 (Fed. Cl. Spec. Mstr. May 10, 2016) ("[A] petitioner needs to make some showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call."). The undersigned will permit redaction in cases, such as this, where a specialized showing is made.

The facts and circumstances of this case warrant redaction of petitioner's name to initials. Petitioner made an adequate showing for redaction. **Accordingly, petitioner's motion for redaction of her name in the decision to initials is GRANTED.**

Thus, the public version of the Decision Awarding Interim Attorneys' Fees and Costs shall be redacted to include only petitioner's initials, M.M. Moreover, the undersigned further directs the clerk to amend the case caption[3] to the following:

```
* * * * * * * * * * * * * *  *
M.M.,                         *
                              *
        Petitioner,           *
                              *
v.                            *
                              *
SECRETARY OF HEALTH           *
AND HUMAN SERVICES,           *
                              *
        Respondent.           *
                              *
* * * * * * * * * * * * * *  *
```

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[3] If either party objects to the undersigned's redaction of the case caption, a motion requesting the undersigned to reconsider redaction of the case caption may be filed.